### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO
### Honorable Marcia S. Krieger

Civil Action No. 12-cv-02434-MSK-MEH

**DENISE HART,**

    **Plaintiff,**

**v.**

**RELIANCE STANDARD LIFE INSURANCE COMPANY,**

    **Defendant.**

---

### OPINION AND ORDER GRANTING
### MOTION FOR SUMMARY JUDGMENT

---

**THIS MATTER** comes before the Court on the Defendant Reliance Standard Life Insurance Company's Motion for Summary Judgment[1] **(#9)**, the Plaintiff Denise Hart's Response **(#12)**, and the Defendant's Reply **(#15)**.

### I. Jurisdiction

The Court exercises jurisdiction pursuant to 28 U.S.C. § 1331.

### II. Issue Presented

This case concerns Ms. Hart's claim for long-term disability benefits under an insurance policy governed by the Employee Retirement Income Security Act of 1974 (ERISA). Ms. Hart alleges that she was improperly denied benefits. The instant motion for summary judgment

---

[1] The motion was originally styled as a Motion to Dismiss. Because the motion presented matters outside the pleadings, the Court converted **(#26)** the motion to a motion for summary judgment. The parties were given time to submit additional materials pertinent to the motion. No additional materials were submitted.

1

presents the issue of whether Ms. Hart properly exhausted her administrative remedies under the applicable plan before filing this lawsuit.

### III.  Material Facts

Having reviewed the submissions of the parties and the evidence presented in the light most favorable to Ms. Hart, the facts material to the motion are as follows.

Through her employer, Ms. Hart participated in a benefit plan providing disability benefits under a policy issued by the Defendant, Reliance Standard.  She began receiving long-term disability benefits under the plan in 2011.  In October 2011, the Defendant notified Ms. Hart that she was no longer eligible for disability benefits under the plan.  Ms. Hart filed an appeal of that decision with the plan administrator on June 4, 2012.  Her appeal consisted of a 28-page letter and several hundred pages of attachments.

On July 2, 2012, the Defendant notified Ms. Hart that it was requesting an independent medical examination (IME) in connection with its review of her appeal.  On July 12, 2012, the Defendant wrote to Ms. Hart, informing her that the earliest date that it could schedule the appointment was for August 2, 2012.

On July 18, 2012, Ms. Hart, through her attorney, wrote to the Defendant, objecting to the IME and arguing that it did not have the right to order an IME during an appeal.  That same day, the Defendant responded to Ms. Hart.  It stated that the policy permitted it to order an exam while a claim is pending, and further, because Ms. Hart had submitted supplemental information on appeal, it was permitted to have that information assessed by a medical professional.  The Defendant also informed Ms. Hart that it would need an additional 45 days to complete its review of her appeal.

On July 26, 2012, a few days before the scheduled appointment, she informed the Defendant that she would attend the examination only under certain conditions. One such condition was that she be permitted to either videotape or audiotape the examination, or to have an observer present to take notes during the examination. In response to this request, the Defendant informed Ms. Hart that the doctor would permit videotaping or audiotaping only if the taping was done by a professional and if he was given a copy immediately after the exam to review. The Defendant also informed Ms. Hart that the doctor would permit a family member or friend to accompany her in the examination room and to take notes, but that if they spoke or attempted to answer questions posed to her, he would ask them to leave. The Defendant advised Ms. Hart that if she intended to hire a professional, the IME appointment would have to be rescheduled to allow for more of the doctor's time.

On August 1, 2012, Ms. Hart informed the Defendant that she would not attend the medical examination, in part due to the fact that she wanted to videotape the appointment and could not find a professional in time. Thus, the IME was cancelled. Defendant rescheduled the examination for September 18, 2012, the doctor's next available appointment, and notified Ms. Hart of the new date.

On August 13, 2012, Ms. Hart wrote to the Defendant. She objected, among other things, to the date of the rescheduled examination. She again argued that it was inappropriate for the Defendant to order an IME during an appeal. Ms. Hart took the position that the Defendant was required to issue its decision by September 4, 2012, and if it failed to do so, she would be "deemed to have exhausted her appeal requirement." She stated that she would possibly consider attending an IME if it were scheduled in a more reasonable time frame and if the Defendant agreed to all of her conditions. The Defendant did not reschedule the examination.

On September 13, 2012, Ms. Hart filed the instant lawsuit, asserting one claim under section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B), for disability benefits owed to her. The record does not indicate that the Defendant ever issued a decision on Ms. Hart's appeal. The Defendant now moves for summary judgment on the ground that Ms. Hart failed to exhaust her administrative remedies before filing suit.

### IV.  Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure facilitates the entry of a judgment only if no trial is necessary. *See White v. York Intern. Corp.*, 45 F.3d 357, 360 (10th Cir. 1995). Summary adjudication is authorized when there is no genuine dispute as to any material fact and a party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Substantive law governs what facts are material and what issues must be determined. It also specifies the elements that must be proved for a given claim or defense, sets the standard of proof, and identifies the party with the burden of proof. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Kaiser-Francis Oil Co. v. Producer's Gas Co.*, 870 F.2d 563, 565 (10th Cir. 1989). A factual dispute is "genuine" and summary judgment is precluded if the evidence presented in support of and opposition to the motion is so contradictory that, if presented at trial, a judgment could enter for either party. *See Anderson*, 477 U.S. at 248. When considering a summary judgment motion, a court views all evidence in the light most favorable to the non-moving party, thereby favoring the right to a trial. *See Garrett v. Hewlett Packard Co.*, 305 F.3d 1210, 1213 (10th Cir. 2002).

If the movant has the burden of proof on a claim or defense, the movant must establish every element of its claim or defense by sufficient, competent evidence. *See* Fed. R. Civ. P. 56(c)(1)(A). Once the moving party has met its burden, to avoid summary judgment the

4

responding party must present sufficient, competent, contradictory evidence to establish a genuine factual dispute. *See Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991); *Perry v. Woodward*, 199 F.3d 1126, 1131 (10th Cir. 1999). If there is a genuine dispute as to a material fact, a trial is required. If there is no genuine dispute as to any material fact, no trial is required. The court then applies the law to the undisputed facts and enters judgment.

If the moving party does not have the burden of proof at trial, it must point to an absence of sufficient evidence to establish the claim or defense that the non-movant is obligated to prove. If the respondent comes forward with sufficient competent evidence to establish a *prima facie* claim or defense, a trial is required. If the respondent fails to produce sufficient competent evidence to establish its claim or defense, then the movant is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

## V. Analysis

The Tenth Circuit has held that although ERISA contains no explicit exhaustion requirement, exhaustion of administrative (i.e., company or plan-provided) remedies is an implicit prerequisite to seeking judicial relief. *See Whitehead v. Oklahoma Gas & Elec. Co.*, 187 F.3d 1184, 1190 (10th Cir. 1999). The exhaustion requirement recognizes that it is the plan that has the primary responsibility for claim resolution. *Id.* The doctrine is necessary to prevent premature judicial interference with the interpretation of a plan and impediment to those internal processes that result in a completed record of decision making for a court to review. *McGraw v. Prudential Ins. Co. of America*, 137 F.3d 1253, 1263 (10th Cir. 1998). It is Ms. Hart's burden to establish that she exhausted the administrative remedies available to her under the plan before filing suit.

The Defendant argues that Ms. Hart failed to exhaust her administrative remedies by prematurely filing this suit before it completely reviewed her appeal. The Defendant argues that it was Ms. Hart's refusal to attend an IME that prevented it from issuing a decision.

Ms. Hart responds that the Defendant was not entitled to order an IME in the first place, and even if it was, the Defendant failed to complete that process and issue a decision within the permitted timeframe. She argues that the failure amounts to a denial of her appeal, and therefore, she is deemed to have exhausted her administrative remedies.

The ERISA regulations set out a specific time frame for a plan administrator to notify a claimant of benefit determination on review. 29 C.F.R. § 2560.503-1(i)(3)(i) provides 45 days for a plan administrator to make a determination, and provides for one 45-day extension of time if needed. The regulation provides that if the plan administrator determines that an extension of time for processing is required, notice shall be given to the claimant before the end of the first 45-day period. In "no event," however, shall the extension exceed 45 days from the end of the initial period. 29 C.F.R. § 2560.503-1(i)(1)(i), (i)(3)(i).

Here, it is undisputed that the Defendant did not issue a decision on Ms. Hart's appeal within the 90-day maximum time period permitted by the regulations. However, the Court finds that under the circumstances, it is inappropriate to disregard the need for exhaustion due to technical irregularities under the regulations.

Under the terms of the plan policy, the Defendant was entitled to order an IME while it reviewed the denial of Ms. Hart's benefits. The policy provides that the Defendant, at its own expense, has the right to have a claimant physically examined to determine the existence of a disability that is the basis for a claim. The policy further provides that the right may be exercised

"as often as it is reasonably required while a claim is pending." Ms. Hart argues that the claim had already been denied, and therefore it was not pending while on appeal.

The Court disagrees. It was entirely possible that, upon review, the plan administrator could reverse the denial of benefits. Thus, until the plan issued its final decision on review, the claim was still pending.

Further, the record shows that the Defendant did not unreasonably delay in notifying Ms. Hart of its need for an IME and in scheduling the appointment. Before the end of the initial 45-day period, the Defendant notified Ms. Hart of the IME and its need to take a 45-day extension. At that point, it was Ms. Hart who objected to the Defendant's request, and then imposed several conditions before she would agree to attend the examination. It appears that, although the Defendant was not required to agree to Ms. Hart's conditions, it engaged in meaningful negotiations with her so that she would agree to attend the IME. Ultimately, the IME had to be rescheduled in order to accommodate the conditions imposed by Ms. Hart. Thus, the delay in issuing a determination on Ms. Hart's appeal is attributable to Ms. Hart herself, and that time period of delay cannot be counted against the Defendant. By refusing to submit to the rescheduled IME and then filing suit, Ms. Hart precluded the Defendant from completing its administrative review of her claim. As a result, the Court finds that Ms. Hart did not exhaust her administrative remedies before filing this lawsuit, and her claim must be dismissed to allow the Defendant an opportunity to fully review her claim.

## VI. Conclusion

For the forgoing reasons, the Defendant's Motion for Summary Judgment **(#9)** is **GRANTED**. The claims against the Defendant are **DISMISSED** without prejudice. Ms. Hart may re-file her case after administrative remedies available under the plan have been exhausted. The Clerk of the Court shall close this case.

Dated this 5th day of September, 2013.

**BY THE COURT:**

Marcia S. Krieger
Chief United States District Judge